UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KALEIDAH JACKSON, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:17-CV-974 (CEJ) |
| C.R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to remand the action to the state court from which it was removed for a second time. Defendants have filed a response in opposition, a motion to dismiss the claims of all non-Missouri plaintiffs for lack of personal jurisdiction, a motion to stay pending a transfer decision by the Judicial Panel on Multidistrict Litigation, and a motion to sever and remand the original plaintiffs' claims. All issues are fully briefed.

**I.     Background**

On February 11, 2016, ten plaintiffs initiated this action in a Missouri state court to recover damages for injuries they allegedly sustained as a result of being implantated with Inferior Vena Cava (IVC) filters. According to the complaint, the medical devices were designed, manufactured, tested, labelled, marketed, warranted, and sold by defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.

The complaint identifies a single product line of six generations of IVC filters. Among other things, all of the filters allegedly "contain the same or substantially

similar defects[,] resulting in the same or substantially similar mechanism of injury to" the plaintiffs. Compl. ¶ 158. For example, "draw markings" on the "exterior surface of" all of the IVC filters purportedly "compromise[] the structural integrity" of the filters, a common manufacturing defect that renders each filter "too weak to withstand normal placement within the human body." *Id.* ¶¶ 85–86, 124–25, 136–37, 139, 141, 148, 150, 153, 156. Plaintiffs assert state law-based strict liability claims of defective manufacture, defective design, and inadequate warning, corresponding negligence claims, breach of warranty, negligent misrepresentation, and fraud.

Defendants initially removed the action on April 5, 2016, invoking jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332(a). *Jackson v. C.R. Bard, Inc.*, No. 4:16-CV-465 (CEJ) (E.D. Mo. Apr. 5, 2016). The defendants argued that the claims of the out-of-state plaintiffs should not be considered for the purpose of diversity jurisdiction because neither they nor their claims had any connection to Missouri. *Id.* Therefore, according to defendants, the non-Missouri plaintiffs could not establish personal jurisdiction over the defendants in Missouri. *Id.* They also argued that the non-Missouri plaintiffs were improperly joined, fraudulently joined, and fraudulently misjoined. *Id.* The Court disagreed and remanded the case to the Twenty-Second Judicial Circuit Court of Missouri on May 2, 2016. *Jackson v. C.R. Bard, Inc.*, No. 4:16-CV-465 (CEJ) (E.D. Mo. May 2, 2016).

On February 17, 2017, plaintiffs amended their complaint, adding nineteen additional plaintiffs (the amended plaintiffs). On March 16, 2017, defendants again removed the case to this Court on the basis of diversity of citizenship. Defendants argue that because the amended plaintiffs are all diverse from defendants, the

Court should sever and remand the ten original plaintiffs (who are non-diverse). Doing so, defendants argue, would allow the Court to properly hear the claims of the amended plaintiffs in this Court. *Id.* Plaintiffs argue that remand is required because (1) the case was filed more than one year ago and therefore removal was not timely and (2) the grounds the defendants assert in support of removal have already been rejected by the Court.

## II. Legal Standards

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). The removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro*, 591 F.3d at 620 (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)). A case must be remanded if, at anytime, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

28 U.S.C. § 1446 provides the relevant procedural requirements for removal. Specifically, that provision states:

> (b)…(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Subsection (b)(3) provides a caveat to the above-quoted provision:

> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

And subsection (c) provides that:

> (c)…(1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C. § 1446(b)(1), (b)(3), (c).

The above-quoted statute, 28 U.S.C. § 1446, "is a product of Congress' different treatment for diversity cases (as opposed to federal question cases): it is a legislative judgment that a suit governed by state law that is filed in state court should remain in state court if it has been pending and consuming state judicial resources for more than one year." *Bush v. State Farm Fire & Cas. Co.*, No. 13-0550-CV-W-ODS, 2013 WL 3755776, at *1 (W.D. Mo. July 16, 2013). The "one year limit is not obviated by considerations of fairness, equity, or some other basis for ascertaining what seems "right," but only by bad faith." *Id.* Accordingly, when removal is predicated on diversity of citizenship, the case cannot be removed more than one year after commencement of the action, unless the bad-faith exception applies. *Trokey v. Great Plains Roofing and Sheet Metal, Inc.*, No. 4:16-CV-01193-ODS, 2017 WL 722607, at *1 (W.D. Mo. Feb. 23, 2017). Notably, the Eighth Circuit has not yet furnished a standard for the "bad faith" exception under section 1446. *Id.*

4

### III. Discussion

The parties contest the timeliness of removal under 28 U.S.C. § 1446(c). Defendants contend that the February 17, 2017 amended petition commenced the action for purposes of the one-year statutory deadline. *Id.* at 6–8 (citing Mo. S. Ct. R. 53.01). Alternatively, defendants argue that the "bad faith" exception applies, rendering removal timely.[1] *Id.* at 8–12. Plaintiffs for their part, dispute the date when the one-year period began; they argue that the period commenced with the filing of the initial petition on February 11, 2016. The parties do not dispute that the plaintiffs' original petition was not removable.

As a general matter, the time limits of removal statutes are mandatory and are construed in favor of state court jurisdiction. *McHugh v. Physicians Health Plan of Greater St. Louis, Inc.*, 953 F. Supp. 296, 299 (E.D. Mo. 1997). This strict construction of the removal rules "promote[s] expedited identification of the proper tribunal." *Id.* Next, state law determines when an action is "commenced." *Winkels v. George A. Hormel & Co.*, 874 F.2d 567 (8th Cir. 1989); *see, e.g., Moris v. Chrysler Grp., LLC*, Civ. No. 14-4981 (SRN/SER), 2015 WL 2373457, at *3 (D. Minn. May 18, 2015) (reasoning that if Congress had "intended the removal limitation period to be applied separately to each [party] based on whenever they were joined, it could have added language to that effect, barring removal 'more than 1 year after commencement of the action *against each defendant*'" (internal citations omitted)). "In Missouri, a civil action is commenced by filing a petition with the court," pursuant to Missouri Supreme Court Rule 53.01. *Arnold Crossroads,*

---

[1] As evidence of this bad faith, defendants assert that "plaintiffs' counsel knew of at least two of the [a]mended [p]laintiffs . . . long before they joined with the action of the [o]riginal [p]laintiffs in February 2017." [Doc. #1 at 11].

5

*L.L.C. v. Gander Mountain Co.*, 2011 WL 2983511, at *2 (E.D. Mo. July 22, 2011) *appeal dismissed*, 751 F.3d 935 (8th Cir. 2014). "This can only be interpreted to mean [a] civil action, viewed as the whole case, the whole proceeding, can only be commenced once." *Id.* (holding that an amended petition did not commence a new action); *see also Bush v. State Farm Fire & Cas. Co.*, No. 13-0550-CV-W-ODS, 2013 WL 3755776, at *2 (W.D. Mo. July 16, 2013) (finding removal untimely because "there is no reason to view [an amended pleading] as a different or new lawsuit if the Missouri state court–applying the governing principles of Missouri state law–deems it as a continuation of the suit [cross-claimant] started in August 2011.")

Defendants cite *Jones v. AlliedSignal, Inc.*, No. CV205-221, 2006 WL 1517123 (S.D. Ga. May 26, 2006) for the proposition that a later amended complaint commences a new action. However, that case is distinguishable because the court found that "under Georgia law, a pending motion to intervene is sufficient to commence an action." *Jones*, 2006 WL 1517123 at *4.[2] Moreover, defendants cite no Eighth Circuit cases or precedent relying on Missouri law to support their argument.[3] And, although the Eighth Circuit has not squarely addressed when in particular the one-year bar starts to run, a number of district courts in the Eighth

---

[2] *Jones* also recognized that while other district courts shared its interpretation of the defining of a commencement of an action, contrary case law also existed; it noted that its conclusion was based on its interpretation of its own state's law. *Jones v. AlliedSignal, Inc.*, No. CV205-221, 2006 WL 1517123, at *5 (S.D. Ga. May 26, 2006).

[3] Defendants also cite to *Hill v. Ascent Assurance, Inc.*, 205 F. Supp. 2d 606 (N.D. Miss. 2002) (reasoning that the addition of new plaintiffs commences a new action), and *Green v. Mobil Oil Corp.*, 66 F. Supp. 2d 822 (E.D. Tex. 1999). *Hill* and *Greene* both relied on Fifth Circuit precedent holding that the one year limitation is subject to equitable exceptions – a proposition which is inherently at odds with the Eighth Circuit's strict adherence to removal time restrictions. *See, e.g., Lindsey v. Dillard's, Inc.*, 306 F.3d 596 (8th Cir. 2002); *see also Tripp v. Kline*, No. 4:06-CV-01252 (ERW), 2007 WL 844821 (E.D. Mo. Mar. 19, 2007); *Advanta Tech. Ltd. V. BP Nutrition, Inc.*, No. 4:08-CV-00612 (ERW), 2008 WL 4619700 (E.D. Mo. Oct. 16, 2008).

6

Circuit have held that an action commences when the plaintiffs file the initial complaint. *Schafer v. Bayer Cropscience LP*, No. 4:10-CV-00167-BSM, 2010 WL 1038518, at *1 (E.D. Ark. Mar. 19, 2010) (holding that an amended complaint, adding a new defendant, did not commence an action, and that removal was therefore untimely). In particular, courts in the Eastern District of Missouri have reasoned that "[b]ecause removal statutes are narrowly construed, section 1446's one-year limit runs from the initial commencement of an action, rather than any later amendment or other pleading that causes the case to become removable." *Devalk v. Wyeth*, No. 4:06-CV-00272 (ERW), 2012 WL 2885904, at *4 (E.D. Mo. July 13, 2012); *see also Lytle v. Lytle*, 982 F. Supp. 671 (E.D. Mo. 1997); *Leonie Schindler v. Wyeth*, No. 4:06-CV-337 (RWS) (E.D. Mo. June 29, 2010)*; Clark v. Wyeth*, No. 4:06-CV-275 (RWS), 2012 WL 3027916, at *3 (E.D. Mo. July 24, 2012) (reasoning that the legislative history "indicates that when the one-year limit was initially added, Congress recognized that it would reduce the ability of defendants to remove some diversity cases, but considered this a modest curtailment in access to diversity jurisdiction" (internal quotation marks and citations omitted)); *Boyke v. Celadon Trucking Servs., Inc.*, No. 4:08-CV-01857 (FRB), 2009 WL 1393870, at *3 (E.D. Mo. May 15, 2009).

Defendants also argue that Missouri's relation-back statute clarifies when an action commences. In particular, defendants aver that the amended petition does *not* relate back to the original petition. Mo. S. Ct. R. 55.33(c).[4] Thus, defendants

---

[4] Rule 55.33(c) regarding relation back of amendments states, "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and within the period provided by law for commencing the action against the party and serving notice of

claim, a new action commenced with the amended petition. [Doc. #1 at 6 (citing *Barnett v. Sylacauga Autoplex*, 973 F. Supp. 1358 (N.D. Ala. 1997))]. The application of Rule 55.33(c), in actuality, is more nuanced. In *Asmus v. Capital Region Family Practice* the Missouri Court of Appeals reasoned that "as long as defendant is fully apprised of a claim arising from specified conduct and has prepared to defend the action against him, his ability to protect himself will not be prejudicially affected if a new plaintiff is added," and an amendment will not create a new cause of action. 115 S.W.3d 427, 434 (Mo. Ct. App. Sept. 30, 2003) (quoting *Rotella v. Joseph*, 615 S.W.2d 616, 624 n.8 (Mo. Ct. App. Apr. 6, 1981)). Moreover, the Eighth Circuit has reasoned that an amended pleading with claims arising out of the same conduct, transaction, or occurrence relates back and does not commence a new action under Missouri Supreme Court Rule 55.33. *See Plubell v. Merck & Co., Inc.*, 434 F.3d 1070, 1073 (8th Cir. 2006). Therefore, the key inquiry is whether a defendant is on notice of the nature of the claims to be asserted against it. And here, the new plaintiffs assert the exact same claims. Therefore, assuming that Rule 55.33(c) further illuminates when an action commences, the Court concludes that this action commenced with the original petition. The removal here, on its face, therefore was not timely.

With respect to their reliance on the "bad faith" exception to the removal statute, the defendants argue that if the amended plaintiffs' claims had "been filed separately, without question [d]efendants would have been able to remove their

---

the action, the party to be brought in by amendment (1) has received such notice of the institution of the action as will not prejudice the party in maintaining the party's defense on the merits and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Mo. S. Ct. R. 55.33(c).

claims." [Doc. #1 at 10–11]. The Court is not persuaded by defendants' argument that the original plaintiffs joined the amended plaintiffs in bad faith. Diversity jurisdiction did not lie before *or* after the amended petition. Plaintiffs did not dismiss a diversity destroying party or otherwise create complete diversity after the passage of the one-year deadline. *See Bajaba v. Gen. Steel Domestic Sales, LLC*, No. 14-CV-4057, 2014 WL 5363905, at *3 (W.D. Ark. Oct. 21, 2014). In fact, defendants aver that plaintiffs actually attempted to join these amended plaintiffs *prior* to the expiration of the one-year deadline. *See* [Doc. #1 at 11]. Defendants provide no evidence of bad faith here. *See Moris v. Chrysler Grp. LLC*, Civ. No. 14-4981 (SRN/SER), 2015 WL 2373457, at *7 (D. Minn. May 18, 2015); *c.f. Woods v. Georgia Pac., LLC*, Civ. No. 14-CV-1062, 2015 WL 1538227, at *2 (W.D. Ark. Apr. 7, 2015) (reasoning that plaintiff acted in bad faith when he delayed over a year in providing his citizenship to defendant, despite defendant's repeated requests for that information). "Absent a showing of such bad faith, the one-year limit on removal of diversity cases requires remand." *Bajaba*, 2014 WL 5363905, at *3.

* * * * *

Based on the foregoing, the Court finds that removal was untimely and therefore improper.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand [Doc. #13] is **granted**.

**IT IS FURTHER ORDERED** that all other pending motions are **denied as moot.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this matter to the Twenty-Second Judicial Circuit (City of St. Louis) from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 12th day of May, 2017.